Carolyn D. Richmond, Esq.
Ernest Edward Badway, Esq.
Jason B. Jendrewski, Esq.
Fox Rothschild LLP
100 Park Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
*Attorneys for Defendant 953 Associates LLC
d/b/a Eatery*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZOLTAN HIRSCH,<br><br>　　　　Plaintiff,<br><br>– against –<br><br>953 ASSOCIATES LLC, a Delaware limited liability company, d/b/a EATERY, and 796-798 NINTH SUCCESSOR, LLC, a New York limited liability company,<br><br>　　　　Defendants. | **ECF Case**<br><br>**14-cv-5869 (AT) (HBP)**<br><br>**ANSWER**<br><br>**(Jury Trial Demand)** |

　　　　Defendant 953 Associates LLC d/b/a Eatery ("Defendant Eatery"), by and through its undersigned counsel, hereby files this Answer ("Answer") to the Complaint ("Complaint") of plaintiff Zoltan Hirsch ("Plaintiff") filed on July 29, 2014, and states as follows:

**JURISDICTION AND PARTIES**

　　　　1.　　Defendant Eatery admits that this Court is vested with original jurisdiction over Plaintiff's claims pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, *et. seq.*, but that this Court does not have original jurisdiction over Plaintiff's claims pursuant to the New York City Human Rights Law and the New York State Human

Rights Law, and denies the truth of all other allegations contained in paragraph 1 of the Complaint.

2.     Defendant Eatery denies the truth of the allegations contained in paragraph 2 of the Complaint.

3.     Defendant Eatery denies the truth of the allegations contained in paragraph 3 of the Complaint.

4.     Defendant Eatery denies that Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property.  Defendant Eatery lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 4 of the Complaint.

5.     Defendant Eatery admits that it is authorized to conduct and is conducting business within the State of New York, is the lessee and/or operator of the real property located at 798 Ninth Avenue, New York, New York, is the owner of the improvements at Eatery, and maintains and controls Eatery.  Defendant Eatery lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 5 of the Complaint.

6.     Defendant Eatery lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

**COUNT I –VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7.     Defendant Eatery denies the truth of the allegations contained in paragraph 7 of the Complaint, and respectfully refers the Court to the legislative materials cited by Plaintiff.

8.     Defendant Eatery denies the truth of the allegations contained in paragraph 8 of the Complaint, and respectfully refers the Court to the statutory text cited by Plaintiff.

9. Defendant Eatery denies the truth of the allegations contained in paragraph 9 of the Complaint, and respectfully refers the Court to the statutory text cited by Plaintiff.

10. Defendant Eatery denies the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant Eatery denies the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant Eatery denies the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant Eatery denies the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant Eatery denies the truth of the allegations contained in paragraph 14 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff personally visited Defendants' Property with the intention of using Defendants' facilities and that Plaintiff continues to desire to visit the Subject Property.

15. Defendant Eatery denies the truth of the allegations contained in paragraph 15 of the Complaint and respectfully refers the Court to the legislative materials cited by Plaintiff.

16. Defendant Eatery denies the truth of the allegations contained in paragraph 16 of the Complaint and responds specifically to each subparagraph as follows:

    (i)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(i) of the Complaint.

    (ii)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(ii) of the Complaint.

    (iii)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(iii) of the Complaint.

(iv) Defendant Eatery denies the truth of the allegations contained in paragraph 16(iv) of the Complaint.

(v) Defendant Eatery denies the truth of the allegations contained in paragraph 16(v) of the Complaint.

(vi) Defendant Eatery denies the truth of the allegations contained in paragraph 16(vi) of the Complaint.

(vii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(vii) of the Complaint.

(viii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(viii) of the Complaint.

(ix) Defendant Eatery denies the truth of the allegations contained in paragraph 16(ix) of the Complaint.

(x) Defendant Eatery denies the truth of the allegations contained in paragraph 16(x) of the Complaint.

(xi) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xi) of the Complaint.

(xii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xii) of the Complaint.

(xiii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xiii) of the Complaint.

(xiv) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xiv) of the Complaint.

(xv) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xv) of the Complaint.

(xvi) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xvi) of the Complaint.

(xvii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xvii) of the Complaint.

(xviii) Defendant Eatery denies the truth of the allegations contained in paragraph 16(xviii) of the Complaint.

      (xix)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(xix) of the Complaint.

      (xx)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(xx) of the Complaint.

      (xxi)    Defendant Eatery denies the truth of the allegations contained in paragraph 16(xxi) of the Complaint.

17. Defendant Eatery denies the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant Eatery denies the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant Eatery denies the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant Eatery denies the truth of the allegations contained in paragraph 20 of the Complaint.

### COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. Defendant Eatery denies the truth of the allegations contained in paragraph 21 of the Complaint, and respectfully refers the Court to the statutory text cited by Plaintiff.

22. Defendant Eatery denies the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant Eatery repeats and realleges each and every allegation contained in paragraphs 1 through 22 of the Answer as if fully set forth herein.

### COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. Defendant Eatery denies the truth of the allegations contained in paragraph 24 of the Complaint, and respectfully refers the Court to the statutory text cited by Plaintiff.

25. Defendant Eatery denies the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant Eatery denies the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendant Eatery denies the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendant Eatery repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Answer as if fully set forth herein.

## ATTORNEYS' FEES AND COSTS

29. Defendant Eatery denies the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendant Eatery denies the truth of the allegations contained in paragraph 30 of the Complaint.

## DAMAGES

31. Defendant Eatery denies the truth of the allegations contained in paragraph 31 of the Complaint.

## INJUNCTIVE RELIEF

32. Defendant Eatery denies the truth of the allegations contained in paragraph 32 of the Complaint.

The unnumbered paragraphs after paragraph 32 of the Complaint contain prayers for relief to which no response is required. To the extent that a response is required, Defendant Eatery denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the subject facility.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### FOURTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, bad faith, laches and/or waiver.

### FIFTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that he has attempted to allege in the Complaint.

### SIXTH DEFENSE

Plaintiff failed to provide any notice of alleged violations prior to commencing this action, and Defendant Eatery did not have any actual or constructive notice regarding any accessibility issues at 798 Ninth Avenue in New York County, New York.

### SEVENTH DEFENSE

Any action taken that allegedly adversely affected Plaintiff was taken in good faith and for legitimate business reasons.

### EIGHTH DEFENSE

There are no barriers to accessibility at the facility at issue. Assuming, *arguendo*, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect the usability of goods, facilities and services of Defendant Eatery's facility and are within construction tolerances.

### NINTH DEFENSE

Assuming, *arguendo*, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances and do not materially affect the usability of the features in question.

### TENTH DEFENSE

All actions taken with regard to the design and construction at the facility were taken in good faith and for legitimate, lawful business reasons and/or predate the passage of the ADA and may not be a basis for liability.

### ELEVENTH DEFENSE

Some or all of the physical items alleged by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the subject facility.

### TWELFTH DEFENSE

Defendant Eatery has provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities and services at its property.

**THIRTEENTH DEFENSE**

Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff may not have been a *bona fide* patron at the facility, but visited it, if at all, for purposes of instituting the instant litigation.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which he bases his claims.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred because Defendant Eatery did not discriminate against Plaintiff or deny him a full and equal opportunity to enjoy the goods and services provided at 798 Ninth Avenue in New York County, New York, on the basis of an alleged disability.

**SIXTEENTH DEFENSE**

Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Defendant Eatery.

**SEVENTEENTH DEFENSE**

Many, if not all, of the conditions alleged to violate the ADA, the New York State Human Rights Law, and/or the New York City Human Rights Law no longer exist, and, therefore, Plaintiff's claims for relief are moot.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to the recovery of attorneys' fees for moot claims under *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

**NINETEENTH DEFENSE**

Plaintiff has failed to mitigate any alleged damages, and, therefore, any entitlement to any alleged damages is expressly denied.

**TWENTIETH DEFENSE**

Defendant Eatery is not responsible for any alleged violations in common areas of the facility.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the design and construction of the facility preceded the enactment of the ADA.

**TWENTY-SECOND DEFENSE**

Defendant Eatery reserves the right to assert additional defenses with regard to some or all of Plaintiff's claims.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Eatery demands judgment against Plaintiff as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendant Eatery costs, interest, expert and attorneys' fees; and

3. Awarding Defendant Eatery such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Eatery hereby demands a trial by jury on all issues contained in the Complaint and its Answer.

Respectfully submitted:

Dated: New York, New York　　　FOX ROTHSCHILD LLP
　　　　August 18, 2014

By: /s/ Ernest Edward Badway
　　Carolyn D. Richmond, Esq.
　　Ernest Edward Badway, Esq.
　　Jason B. Jendrewski, Esq.
　　100 Park Avenue, 15th Floor
　　New York, New York 10017
　　Telephone: (212) 878-7900
　　Facsimile: (212) 692-0940
　　*Attorneys for Defendant 953 Associates LLC*
　　　*d/b/a Eatery*